Evelyn RANDALL, et al., Plaintiffs,

v.

William L. LUKHARD, et al., Defendants.

Civ. A. No. 80–0050–C.

United States District Court, W.D. Virginia, Charlottesville Division.

June 24, 1986.

Herbert L. Beskin, Charlottesville, Va., V. Anne Edenfield, Legal Aid Society, Roanoke, Va., for plaintiffs.

John A. Rupp, Asst. Atty. Gen., Richmond, Va., Diane Moskal, U.S. Dept. of H & H, Philadelphia, Pa., David R. Smith, U.S. Dept. of H & H, Washington, D.C., Montgomery Tucker, Asst. U.S. Atty., Roanoke, Va., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

This case is presently before the court on cross-motions. The plaintiffs have moved for entry of declaratory judgment and "notice relief," and for attorney's fees. The defendants have moved for dismissal or, in the alternative, for summary judgment. Although this case has been historically long and complicated, the only issue remaining is whether, in light of the decision of the United States Supreme Court in *Green v. Mansour,* —— U.S. ——, 106 S.Ct. 423, 88 L.Ed.2d 731 (1985), entry at this point of declaratory judgment and "notice relief" as requested by the plaintiffs violates the eleventh amendment. The parties have submitted briefs, the court has heard oral argument, and the matter is now ripe for a decision.

## STATEMENT OF THE CASE

The plaintiffs filed this class action in April 1980 seeking declaratory and injunctive relief on the grounds that the Virginia transfer-of-assets rule violated Title XIX of the Social Security Act, its regulations, and the due process and equal protection clauses of the fourteenth amendment. Following Congress's enactment of the Boren-Long Amendment, Pub.L. No. 96–611, Virginia repealed the rule and, effective July 1, 1981, implemented a new transfer-of-assets rule. The plaintiffs amended their complaint to challenge this new rule also.

On April 16, 1982, 536 F.Supp. 723, this court held that the old rule violated Title XIX, that the new rule complied with the Boren-Long Amendment, that the new rule could not be applied to applications and redeterminations filed before July 1, 1981, and that Virginia's regulations concerning "convincing evidence" were valid. "Notice" relief was ordered, but the decision was stayed pending appeal.

On March 12, 1984, the United States Court of Appeals for the Fourth Circuit, *en banc,* 729 F.2d 966, held that Virginia's old rule was invalid; upheld the "convincing evidence" requirements under the new rule; upheld Virginia's application of its new rule to pre-July 1 filings; and upheld the notice requirements. This decision was also stayed pending filing of a petition for a writ of certiorari with the Supreme Court.

Certiorari was denied in October 1984, —— U.S. ——, 105 S.Ct. 222, 83 L.Ed.2d 152, and the matter was remanded back to this court by the fourth circuit. The case has been reinstated on the active docket of the court. No final order has been entered.

## THE HOLDING OF *GREEN V. MANSOUR*

The plaintiffs in *Green* challenged certain aspects of the federal Aid to Families With Dependent Children (AFDC) program.

They sought, as did the plaintiffs here, an injunction, a declaratory judgment, and "notice relief." While the action was pending, Congress amended the relevant statute, and the state rule was changed. The United States Supreme Court held that when, as here, there is no ongoing or impending violation of federal law, a federal court may not issue declaratory or "notice" relief because to do so would violate the eleventh amendment. The Court explained that *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) is limited to remedies "designed to end a continuing violation of federal law and necessary to vindicate the federal interest in the supremacy of that law." *Green*, 106 S.Ct. at 426. *See also Watkins v. Blinzinger*, 789 F.2d 474 (7th Cir.1986). When there is no current or impending violation, *Young* does not apply, and the eleventh amendment bars further federal proceedings. *Watkins, supra.*

## APPLICABILITY OF *GREEN V. MANSOUR* TO THIS CASE

The plaintiffs argue that *Green* should not be applied to this case. They argue that the cases are factually distinguishable. This argument is without merit, for the cases are almost identical.

The plaintiffs also contend that the case is distinguishable because no prospective relief was obtained in *Green*. However, no prospective relief was granted by the court in this case.

The plaintiffs finally point to the denial of certiorari in this case, alleging that it is a comment by the Court on the case's merits and its differences from *Green*. A basic legal principle, however, is that a denial of certiorari is *not* a comment on the merits of a case. *See Maryland v. Baltimore Radio Show*, 338 U.S. 912, 70 S.Ct. 252, 94 L.Ed. 562 (1950). The argument that the Supreme Court finds this case different from *Green* is clearly refuted by the language in *Green:*

We granted certiorari to resolve a conflict in the circuits over whether federal courts may order the giving of notice of

the sort approved in *Quern v. Jordan*, [440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358,] *supra*, or issue a declaratory judgment that state officials violated federal law in the past when there is no ongoing violation of federal law. The decision by the Court of Appeals in this case agrees with the result in [a second circuit case], but it conflicts with the decisions in [an eleventh circuit case]; *Randall v. Lukhard*, 729 F.2d 966 (CA4) (en banc), cert. denied 469 U.S. —— [, 105 S.Ct. 222, 83 L.Ed.2d 152] (1984); [a ninth circuit case]; and [a fifth circuit case] . . .

*Green*, 106 S.Ct. at 425.

It is obvious that the Supreme Court considered the fourth circuit opinion in this case and disapproved it. Therefore, this court is unpersuaded by the plaintiff's argument that *Green* should not apply.

## RETROACTIVE APPLICATION

■ There is a presumption that decisions will be applied retroactively. *Chevron Oil Company v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). The plaintiffs argue, however, that the holding in *Green v. Mansour* should not be applied retroactively. As the party seeking to avoid such a retroactive application of the decision, they bear the burden of showing that the pertinent factors favor prospective-only application. *Valencia v. Anderson Brothers Ford*, 617 F.2d 1278 (7th Cir.1980), *rev'd on other grounds*, 452 U.S. 205, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981). *See also E.E.O.C. v. Chrysler Corporation*, 595 F.Supp. 344 (E.D.Mich.1984).

■ Initially, prospective-only application is proper only if the decision either overruled past precedent or decided an issue of first impression whose resolution was not foreshadowed. In this case, although there was a conflict among the circuits, the decision of the Supreme Court was not an unexpected interpretation of the law and does not meet the requirement that it be not foreshadowed. *See Cash v. Califano*, 621 F.2d 626 (4th Cir.1980).

The second factor to be considered is whether retroactive application will further the purpose of the decision. In this case, retroactive application will promote the purpose of the decision by declining to order "notice relief" which is barred by the eleventh amendment of the constitution where there is no ongoing violation of the law. The plaintiffs have been unable to present any valid arguments that retroactive application will in any way hinder the purpose of *Green.*

The third factor is whether retroactive application will cause an inequitable result. *See Ramey v. Harber,* 589 F.2d 753 (4th Cir.1978). Although the plaintiffs strongly argue that it would be inequitable to apply *Green* to this case, the true inequity would be to order that which the United States Supreme Court has ruled is a violation of the eleventh amendment.

Although the court is prepared to hold that retroactive application of *Green* is proper in this case, this is not a true case of retroactive application. The case has been remanded from the fourth circuit in order that this court may fashion the appropriate relief. In fashioning such relief and in entering a final order, the court must look to the present state of the law, including *Green v. Mansour.* This is not a situation where an attempt is made to retroactively apply a new statute of limitations to completely bar an action. This is a case where, prior to being called upon to enter an order for relief, the Supreme Court has held that that *relief* is improper. Therefore, the court holds that *Green v. Mansour* applies to this case.

## ATTORNEY'S FEES

■ The plaintiffs have prevailed only in challenging the legality of the old Virginia rule, a rule which was revoked prior to the judgment by this court that it was invalid. The plaintiffs have failed to achieve any of the relief which they requested. Therefore, it would be inappropriate to award attorney's fees in this case, and their motion should be denied.

## CONCLUSION

Having held that this case is controlled by *Green v. Mansour,* the court finds that the relief requested by the plaintiffs is barred by the eleventh amendment. Therefore, the defendants' motion for dismissal or for summary judgment should be GRANTED. The plaintiffs' motions for entry of its final order and for attorneys fees should be DENIED.